Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARRISSA KELLY-LORD, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>SFM-6, LLC, a limited liability company; and LAW OFFICE OF D. SCOTT CARRUTHERS, a professional law corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No.: '18CV2067 BTM NLS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.       This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for invasion of privacy.

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.   Plaintiff MARRISSA KELLY-LORD is a natural person residing in the state of California, County of San Diego.

4.   Defendant SFM-6, LLC at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 8448 Katella Avenue, Stanton, CA 90680.

5.   Defendant LAW OFFICE OF D. SCOTT CARRUTHERS ("CARRUTHERS") at all times relevant was a professional law corporation in the business of collecting debts in San Diego County, California operating from an address at 8448 Katella Avenue, Stanton, CA 90680.

6.    Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and Rosenthal Act, California Civil Code 1788.2(c).

7.   The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in

all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV.  FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. At a time unknown, SFM-6 and its attorney, CARRUTHERS, (collectively "Defendants") acquired information regarding an alleged consumer debt ("the Debt").

14. Within the last year, Defendants began calling Plaintiff in an attempt to collect the Debt.

15. Defendants called Plaintiff on numerous occasions in an attempt to collect the Debt.

16. On more than one occasion, Defendants called Plaintiff more than once on a single day and on consecutive days.

17. Defendants called Plaintiff at work.

18. Plaintiff requested that Defendants stop calling her at work.

19. Despite Plaintiff's request to cease all communication, Defendants ignored Plaintiff's cease and desist request and continued to call her at work.

20. Defendants called Plaintiff's boyfriend in an attempt to collect the Debt.

21. Defendants called Plaintiff's mother-in-law in an attempt to collect the Debt.

22. The amount and frequency of the calls rose to the level of harassment.

23. On March 5, 2018, Plaintiff was served with a summons and complaint with respect to the alleged Debt in the Superior Court of California, County of San Diego.

24. On March 21, 2018, Plaintiff filed and served its Answer on Defendants.

25. Defendants knew at the time the Answer was filed that Plaintiff was represented by counsel.

26. Despite Defendants' knowledge of Plaintiff being represented by counsel, on March 27, 2018 Defendants sent written correspondence directly to Plaintiff to collect on the Debt.

27. As a result of the acts alleged above, Plaintiff suffered emotional distress.

## V.  FIRST CAUSE OF ACTION

### (Against All Defendants for Violation of the FDCPA)

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the plaintiff;

    (b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

    (d) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney;

    (e) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating

4
COMPLAINT AND DEMAND FOR JURY TRIAL

with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(f) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

(g) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting the Plaintiff's place of employment when the debt collector knew or had reason to know that the Plaintiff's employer prohibited such communication;

(h) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(i) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(j) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

(k) The Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

30. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CAUSE OF ACTION

(**Against All Defendants for Violation of the Rosenthal Act**)

31. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

    (c) The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family; and

    (d) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

33. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

35. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CAUSE OF ACTION
**(As against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs & Public Disclosure of Private Facts)**

36. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

38. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt which included disclosing details about the Debt to third parties.

39. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

40. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

41. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a) Actual damages;
    (b) Statutory damages;
    (c) Punitive damages;
    (d) Costs and reasonable attorney's fees; and
    (e) For such other and further relief as the Court may deem just and proper.

Date: September 5, 2018     /s/Cory M. Teed
                                        Cory M. Teed
                                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: September 5, 2018     /s/Cory M. Teed
                                        Cory M. Teed
                                        Attorney for Plaintiff